**TRANSAMERICA INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Michael HENRY, Wessin & Gorman Trucking, Michael Henry, b/n/f Clifford Henry and Elizabeth Henry, Clifford Henry, Elizabeth Henry, Wessin & Gorman Trucking, Inc., and Brian Gorski, Defendants–Appellants.**

**Nos. 89–2204, 89–2234, 89–2259 and 89–2351.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 20, 1990.

Decided June 7, 1991.

William J. Reinke, Mark D. Boveri and Mark A. Garvin, Barnes & Thornburg, South Bend, Ind., for plaintiff-appellee.

Joseph M. Forte; Arthur A. May, May, Oberfell & Lorber; Joseph V. Simeri, Butler, Simeri, Konopa & Laderer; and James F. Groves, Hardig, Lee & Groves, South Bend, Ind., for defendants.

Before COFFEY and RIPPLE, Circuit Judges, and REYNOLDS, Senior District Judge.*

COFFEY, Circuit Judge.

The Henrys and their codefendants appeal the district court's entry of summary judgment granting Transamerica Insurance Company a declarative judgment that a "household exclusion clause" in its automobile liability insurance policy issued to the Henrys excluded Michael Henry from coverage for an injury he received while riding in the Henry automobile. The appellant requested we certify the following questions to the Indiana Supreme Court inasmuch as they dealt with a new insurance statute, and the Court had not previously addressed it.

1. "Do Ind.Code § 9–1–4–3.5 and other provisions in the Indiana Code concerning automobile financial responsibility render Indiana a 'compulsory insurance' state and evince a social policy to guarantee compensation for all victims of automobile accidents?

2. "Is a household exclusion clause in an automobile liability insurance policy contrary to the public policy of Indiana, as expressed in statute or case law, particularly Ind.Code § 9–1–4–3.5, when applied to preclude coverage for injuries sustained by a resident of the named insured's household?"

*Transamerica Ins. Co. v. Henry,* 904 F.2d 387, 391 (7th Cir.1990).[1] The Indiana Supreme Court answered both questions in the negative. Thus, we affirm the summary judgment of the district court.

---

* The Honorable John W. Reynolds, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation.

1. We certified these questions to the Indiana Supreme Court.

## I.

We set forth the undisputed facts as well as the parties' arguments in our prior opinion. *See Transamerica Ins. Co. v. Henry,* 904 F.2d 387 (7th Cir.1990). The relevant facts are as follows:

"Transamerica issued a policy of automobile liability insurance to Clifford and Elizabeth Henry, effective March 17, 1987, through September 17, 1987. On August 5, 1987, defendant Amy Anderson, while operating the automobile insured under the Transamerica policy,[1] was involved in a collision with a truck driven by defendant Brian Gorski and owned by defendant Wessin & Gorman Trucking ('Wessin & Gorman'). Michael Henry, who resided with his parents in their home, was a passenger in the car and suffered serious personal injuries therein.

"On October 14, 1987, the Henrys, seeking recovery for Michael's injuries, filed suit against Anderson, Gorski and Wessin & Gorman in the Circuit Court of St. Joseph County, Indiana. Anderson requested that Transamerica defend her in the Henrys' action and pay any settlement or judgment arising therefrom.[2] Transamerica refused and, on December 1, 1987, filed this action in the district court seeking a determination of whether or not it was obligated to defend or indemnify Anderson on the Henrys' claim, relying on an exclusionary clause contained in the Henrys' policy. The exclusion, commonly known as a 'household exclusion clause,' provides in pertinent part:

'EXCLUSIONS: We do not provide liability coverage:

13. for bodily injury to any person who is related by blood, marriage or adoption to you, if that person resides in your household at the time of the loss.' "

---

[1] Anderson was operating the vehicle with the permission of Elizabeth Henry. [Original footnote]."

[2] Anderson also requested her own insurer, State Farm Insurance Company, to defend her against and provide coverage for the Henrys' claims. State Farm paid its policy limits to Michael Henry on behalf of Anderson and was thereafter dismissed from this case by stipulation of the parties. [Original footnote]."

*Id.* at 388–89. In *Allstate Ins. Co. v. Boles,* 481 N.E.2d 1096 (Ind.1985), a case we certified to the Indiana Supreme Court for the identical issue under prior Indiana Law, the Indiana Supreme Court held that such a household exclusion policy was valid.

The appellants argue that the statutory scheme in effect at the time of Michael Henry's injury transformed Indiana into a compulsory insurance state, thus evincing a legislative intent to require that insurance be provided for all victims of traffic accidents. The relevant statute provides in part:

"(a) A motor vehicle may be registered in Indiana only if proof of financial responsibility in the amounts specified in IC 9–2–1–15 is produced for inspection at the time application for registration is made in a form required by the department.

"(b) Financial responsibility, in one (1) of the forms prescribed by IC 9–2–1–16 or by self-insurance under 9–2–1–37, must be continuously maintained in at least the amounts specified in IC 9–2–1–15 as long as the motor vehicle is operated on roads, streets, or highways in Indiana. A person who operates a motor vehicle on a road, street, or highway in violation of this subsection commits a class C misdemeanor."

Ind.Code § 9–1–4–3.5. If the appellants' interpretation of Indiana public policy is correct, the "household exclusion clause" in the Henrys' insurance policy was invalid for contravening public policy.

## II.

As a federal court sitting in diversity jurisdiction, "we are faced with the task of attempting to rule in this case as we believe the Indiana courts would probably resolve it." *Standard Mut. Ins. Co. v. Bailey,* 868 F.2d 893, 896 (7th Cir.1989). In view of the Indiana Supreme Court's response to the question certified, our task in this case is made easier. The Indiana Su-

preme Court stated that since Indiana law allows drivers the alternative of self-insurance, posting a bond or making a specified deposit of money,

> "we think it is probably most accurate to call Indiana a 'compulsory financial responsibility' state.
>
> "Having concluded that Indiana is a compulsory responsibility state, we still must ask whether the adoption of § 9-1-4-3.5 'evinces a social policy to guarantee compensation for all victims of automobile accidents.' We find that it does not.
>
> * * * * * *
>
> "Indiana's current financial responsibility scheme, like the prior one, demonstrates a policy to protect automobile owners, their families, friends, and guests from damages which might be inflicted on them by other cars out on the road. One who owns a car has the opportunity to buy protection for himself, his family, and friends whom he permits in his vehicle. The owner has no control, of course, over the acts of other motorists. *The purpose of our financial responsibility statute is to compel those other motorists to make provisions for our protection.*
>
> "Indiana's motor vehicle scheme, even with the amendment of § 9-1-4-3.5, is designed only to protect motorists from drivers *other* than themselves. It is not designed to protect owners (and their families and friends) from themselves. *Therefore, Ind.Code § 9-1-4-3.5 does not constitute a social policy to guarantee compensation to all victims of motor vehicle accidents.*"

*Transamerica Ins. Co v. Henry b/n/f Henry,* 563 N.E.2d 1265, 1268 (Ind.1990) (footnote and citation omitted) (emphasis added).

The Indiana Supreme Court likewise answered our second question in the negative.

> "Since at least 1977, our courts have made clear that household exclusion clauses will be read to be consistent with the public policy of Indiana. *See, e.g., United Farm Bureau Mut. Ins. Co. v. Hanley* (1977), 172 Ind.App. 329, 360 N.E.2d 247; *Boles,* 481 N.E.2d at 1101. *Hanley* expressly invited the legislature to make clear any intentions to the contrary by explicitly nullifying household exclusion clauses. 172 Ind.App. at 341; 360 N.E.2d at 254. Fourteen years later, after *Boles* and after at least four revisions of § 9-1-4-3.5, the legislature still has in no way expressed any intent to void household exclusion clauses.
>
> * * * * * *
>
> "In short, though Indiana is now a compulsory financial responsibility state, *household exclusion clauses do not violate the policy of the state.*"

*Id.* at 1268-69 (emphasis added).

As Indiana public policy does not "guarantee compensation for all victims of automobile accidents," and "household exclusion clauses do not violate the policy of [Indiana]," it is clear that the appellants' arguments must fail. The summary judgment holding that the "household exclusion clause" in the Henry's policy exempts Transamerica Insurance Company from liability for injuries to the Henrys' son on August 5, 1987, in the Henry automobile is

AFFIRMED.